IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Claudia V. Benjamin, | ) | C/A No. 3:08-3952-JFA-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| BlueCross and BlueShield of S.C. d/b/a PGBA, LLC, | ) | |
| Defendant. | ) | |

The plaintiff, Claudia V. Benjamin ("Benjamin"), filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against her employer, BlueCross and BlueShield of S.C. ("BlueCross").[1] Benjamin asserts claims of gender and age discrimination, as well as retaliation. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on BlueCross's motion for summary judgment. (Docket Entry 22.) Benjamin filed a response in opposition (Docket Entry 26) and BlueCross filed a reply (Docket Entry 30). Having carefully considered the parties' submissions and the record in this case, the court finds that BlueCross's motion should be granted in part and denied in part.

---

[1] Benjamin identified the defendant as "BlueCross and BlueShield of S.C. d/b/a PGBA, LLC." However, PGBA, LLC is actually a wholly owned subsidiary of BlueCross.



## BACKGROUND

Viewed in the light most favorable to the plaintiff, the following facts are pertinent to the resolution of the defendant's motion. Benjamin is a current employee of BlueCross. She has a bachelor of science degree in accounting and a masters degree in business administration. She is also a certified public accountant. She had extensive work experience in business and accounting before commencing work with BlueCross in 1994. Benjamin was hired by Kelly Coleman and Mike Gurrera when she was approximately forty-nine years of age. Initially she reported to Coleman but ultimately she was transferred to Gurrera's department. Gurrera promoted Benjamin in 1999. Benjamin was then approximately fifty-four years of age. Over the course of the approximately eleven years when Benjamin reported to Gurrera, he counseled her regarding perceived deficiencies in her work performance and supervisory responsibilities.[2]

By 2006, Gurrera had been promoted through the company to Vice President and Chief Financial Officer of PGBA, the subsidiary of BlueCross that handles financial functions associated with certain government contracts. In that new position, he began to reorganize the division and planned to create a position of director of accounting. He initially posted the position in August 2006. Benjamin applied, believing that Gurrera had promised the position to her. Gurrera subsequently withdrew the posting, as he decided not to fill the position at that time.

The accounting director position was posted again in January of 2007. Benjamin was then approximately sixty-two years old. The posting listed the minimum educational requirements as a

---

[2] BlueCross discusses these alleged deficiencies exhaustively at pages two through twelve of its memorandum. (Def.'s Mem. Supp. Mot. Summ. J. at 2-12, Docket Entry 22-1 at 2-12.) In response, Benjamin points out that these events largely occurred in the early 2000s, several years before the events at issue. She further characterizes Gurrera's faultfinding as "hypercritical" and points out that audits from outside reviewers never found fault with her work.



four-year degree in accounting or a similar degree with twenty-one semester hours in accounting. A CPA designation was listed as preferred. Additionally, the posting listed minimum work experience requirements as five years in accounting and three years of supervisory experience. Experience with government contracts was listed as preferred. Still under the impression that the position had been promised to her, Benjamin again applied, along with two other applicants who ultimately withdrew their applications from consideration. The time frame for submitting applications was closed; nonetheless, Sam Smith—a male employee from another division who was under the age of forty—was permitted to submit a late application. Like Benjamin, Smith earned a bachelor of science degree in accounting; unlike Benjamin, however, Smith is not a CPA and does not have an MBA. Nor does Smith have any work experience with government contracts. Gurrera ultimately hired Smith for the accounting director position.

In June of 2007 Benjamin filed an administrative charge with the South Carolina Human Affairs Commission alleging that BlueCross had discriminated against her due to her gender and age by denying her the promotion. Approximately six weeks later, Smith, now Benjamin's supervisor, conducted her job performance review. Benjamin found Smith's demeanor and attitude during her review to be hostile. In the performance review memorandum, Smith found fault with Benjamin for failing to review her employees' work and for failing to provide timely and adequate responses to requests from management. He set goals for Benjamin and scheduled classes for her to attend. The memorandum indicated that if she did not comply within ninety days, she would be subject to formal disciplinary action.

*PJG*

In January of 2008, Benjamin was chastised by Smith and Al Jones, the Assistant Vice President of PGBA Finance, regarding her comments at a staff meeting. Benjamin ultimately amended her administrative charge to include a claim of retaliation.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. The Reeves Court stated:



> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

Reeves, 530 U.S. at 148. The Court of Appeals for the Fourth Circuit has stated that the Reeves Court instructs more broadly regarding the factors "on which the appropriateness of a judgment as a matter of law will depend in any case and will include 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employers' case and that properly may be considered on a motion for judgment as a matter of law.' " Dennis, 290 F.3d at 649 (quoting Reeves, 530 U.S. at 148-49).

**B.      Burden Shifting in Employment Cases**

In making their arguments, both parties have applied the McDonnell Douglas burden-shifting framework with regard to Benjamin's Title VII discrimination claim and ADEA discrimination claim.[3] A plaintiff may demonstrate discrimination or retaliation through direct or circumstantial evidence. When direct evidence is lacking, as in this case, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden-shifting framework. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green,

---

[3] The court observes that the United States Supreme Court has expressly not addressed whether the McDonnell Douglas framework applies to an ADEA claim. Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343, 2349 n.2 (2009). Nonetheless, the United States Court of Appeals for the Fourth Circuit has continued to apply it in that context, and, as noted above, the parties have applied it in their arguments. See Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006) (cited in Jyachosky v. Winter, 343 Fed. Appx. 871, 876 (4th Cir. Sept. 14, 2009) (*per curiam*) (unpublished)); Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004) (cited in Jones v. Sternheimer Bros., Inc., No. 09-2375, 2010 WL 1650035 (4th Cir. Apr. 22, 2010) (*per curiam*) (unpublished)).

PJG

411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination or retaliation, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, " 'the McDonnell Douglas frame-work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*.' " Id.

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s]

PJG

some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 301 F.3d at 294-95.

**C.      Discrimination Claims**

Here, BlueCross concedes that Benjamin most likely can establish a *prima facie* case of discrimination. Rather, it bases its motion on the contention that Benjamin cannot show that BlueCross's legitimate, nondiscriminatory reason for not promoting her is pretextual.

As to Benjamin's gender discrimination claim, the court observes that Gurrera was one of the decision makers who hired Benjamin in 1994 and the sole decision maker when she was promoted in 1999. In a Title VII case, when the hirer and the alleged discriminator are the same, a strong inference exists that discrimination was not a determining factor for the adverse employment action. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996) (Title VII gender) (stating that where the decision maker is "the same person who hired [the plaintiff], there is a 'powerful inference' that the failure to promote her was not motivated by discriminatory animus") (quoting Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991)). Although this inference can be rebutted, see Proud, 745 F.2d at 798, the evidence offered by Benjamin to show that BlueCross's

stated reason for failing to promote her was pretextual, which is discussed below, is insufficient to countervail this "powerful" inference and allow a reasonable jury to find that gender discrimination was a motivating factor in the decision to deny her the promotion. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004).

With regard to Benjamin's *age* discrimination claim, however, any inference against discrimination resulting from the fact that Gurrera had hired and promoted Benjamin in the past is attenuated under the facts presented here, as approximately eight years elapsed between the time Gurrera participated in employment decisions benefitting Benjamin and the time he failed to promote her, and Benjamin obviously continued to age during this time. Cf. Proud, 745 F.2d at 798 (ADEA) (stating that the inference of nondiscrimination arising from the same decision maker applies when the beneficial employment action and the adverse one occur *within a short time period*); see Carlton v. Mystic Transp., Inc., 202 F.3d 129, 137-38 (2d Cir. 2000) (holding that although the same decision maker inference may apply when the hiring and firing are close in time, a seven-year difference between the two actions significantly weakened the inference); Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 & n.2 (6th Cir. 1995) (observing that the length of time between the hiring and firing of an employee may not be "an essential element" for a nondiscrimination inference where the plaintiff's class does not change, but noting that a short length of time may be required in age discrimination cases because "the employee's classification changes over time—an employee hired at thirty is not the same employee fired at sixty"). With regard to the age discrimination claim, Benjamin has presented sufficient evidence to rebut the same decision maker inference.

First, Benjamin has presented sufficient evidence from which a reasonable jury could determine that she had better qualifications for the job than Smith. See Dennis, 290 F.3d at 648 n.4.

*PJG*

BlueCross correctly points out that it is the province of the employer—not the court or the plaintiff—to establish qualifications for a job. Id.; see also Hux v. City of Newport News, 451 F.3d 311, 318 (4th Cir. 2006) ("It is not within our authority to dictate the factors that employers must weigh in making a promotion . . . ."); Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005) (holding that a Title VII plaintiff "cannot establish her own criteria for judging her qualifications for the promotion" but "must compete for the promotion based on the qualifications established by her employer"). Moreover, an employer may properly take into account such subjective factors as good interpersonal skills and the ability to lead a team. Hux, 451 F.3d at 318. Further, when considering an employee's qualifications and job performance, it is the perception of the decision maker, not the unsupported opinion of the plaintiff, that is relevant. See Evans, 80 F.3d at 960-61 ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.") (internal quotation marks and citations omitted); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination.") (internal quotation marks and citations omitted). Nonetheless, here, Benjamin has presented evidence from which a reasonable jury could find that she was superior to Smith regarding certain qualifications that the employer itself deemed important, as evidenced by its own job posting. Cf. EEOC v. Fed. Reserve Bank of Richmond, 698 F.2d 633, 671-72 (4th Cir. 1983) (holding that an employer has the right to establish the qualifications that are "necessary or preferred" for a position and the plaintiff must show not only that he meets these qualifications to establish a *prima facie* case but also that he is superior to the selected candidate to establish pretext), rev'd in part on other grounds sub nom. Cooper v. Fed. Reserve Bank of Richmond, 464 U.S. 932

PJG

(1983); Dennis, 290 F.3d at 647 n.2 (noting that where criteria are listed in a posted job description, the employer has "an incentive to claim that the 'real' criteria were those on which the chosen employee happens to perform best relative to the plaintiff," and in these cases, "the jury is certainly permitted to conclude, in light of the totality of the evidence, that this may have been done as a post hoc justification of a decision made on other grounds"). Benjamin met all of the minimum requirements for the accounting director position as well as the preferred ones, whereas Smith did not meet the preferred factors. See Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 259 (4th Cir. 2006) (holding that the plaintiff demonstrated pretext by showing that he was better qualified based on the criteria that the employer established as relevant to the position).

Second, Benjamin has presented evidence showing irregularity in the selection process, which can be probative of pretext. See Dennis, 290 F.3d at 647 n.2. Benjamin has presented evidence tending to show that Gurrera recognized Benjamin's qualifications to perform the duties of the accounting director position. (Gurrera Dep. at 29-33, [Docket Entry 22-3](Docket Entry 22-3) at 8-9) (discussing a proposal that was provided to a governmental agency consisting of an organizational chart that listed Benjamin as Director of Accounting). Despite that, rather than award the position to Benjamin, who was the only applicant remaining, Gurrera permitted Smith to apply late so that Gurrera would not have to hire Benjamin. (Gurrera Dep. 15:4-7, [Docket Entry 22-3](Docket Entry 22-3) at 4.)

The court concludes that with regard to her age discrimination claim, Benjamin has presented sufficient evidence from which a reasonable jury could find that BlueCross's proffered reason for failing to promote Benjamin was pretextual. The court observes that this conclusion does not relieve Benjamin of her burden to prove at trial that "but for" her age, she would have received the promotion to accounting director. See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343 (2009).

*PJG*

However, Benjamin's present showing is sufficient to preclude summary judgment on the issue of pretext. See Bowdish v. Federal Express Corp., No. CIV-07-400-D, 2010 WL 1078378, 14 (W.D. Okla. Mar. 18, 2010) (unpublished). Therefore, the court finds that BlueCross is not entitled to summary judgment on Benjamin's age discrimination claim on the ground it raises in its motion.

**D.    Retaliation**

Both Title VII and the ADEA make it unlawful for an employer to retaliate against an employee for engaging in activity protected by those statutes. See 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation, a plaintiff must show: (1) that she engaged in protected activity; (2) that an adverse employment action was taken against her; and (3) that there was a causal link between the protected activity and the adverse employment action. See Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253 (4th Cir. 1998) (Title VII); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) (ADEA and Title VII).

BlueCross contends that no adverse employment action was taken against Benjamin. The United States Supreme Court has held that the prohibition of adverse employment action taken in retaliation for protected activity "is not limited to discriminatory actions that affect the terms and conditions of employment." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 64 (2006). Rather, "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related acts and harm." Id. at 67. However, the anti-retaliation provision does not shield an employee from all retaliation, but rather only from retaliation that produces injury or harm. Id. Accordingly, to fall within the provision's protection, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of

discrimination.'" Id. at 68 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). A plaintiff must show *material* adversity to separate the significant harms from the trivial, as employment discrimination statutes do "not set forth 'a general civility code for the American workplace.'" Id. (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). The test is an objective one and considers the reactions of a *reasonable* employee. Id. at 68. Further, "[c]ontext matters," and the significance of the adverse employment action must be analyzed under the circumstances particular to the plaintiff. See id. at 69. Thus, "an 'act that would be immaterial in some situations is material in others.'" Id. (quoting Washington v. Ill. Dep't of Revenue, 420 F.3d 658, 661 (7th Cir. 2005)). The standard analyzes the challenged retaliatory act, not the underlying conduct that gave rise to the protected activity. Id. The question is whether the challenged action was material from the perspective of a reasonable person in the plaintiff's position. Id. at 69-70.

Courts within the Fourth Circuit have generally found that actions which essentially amount to criticism of an employee such as negative performance evaluations, reprimands or warnings, and counseling are alone insufficient to constitute materially adverse employment actions under the Burlington standard. See Parsons v. Wynne, 221 Fed. Appx. 197 (4th Cir. 2007) (unpublished) (negative performance evaluation and change in work schedule); Rease v. Zax, Inc., C/A No. 3:07-3601, 2009 WL 2998977, *7 (D.S.C. Sept. 17, 2009) (unpublished) (warning notices and poor performance review); Washington v. Norton, No. 3:04CV1042007, WL 1417290, *4 (N.D. W. Va. May 11, 2007) (unpublished) (reprimand and warning); Gordon v. Gutierrez, No. 1:06cv861, 2007 WL 30324, *9 (E.D. Va. Jan. 4, 2007) (unpublished) (verbal counseling); Zackrie v. Lockheed Martin Corp., No. RWT 04-1864, 2006 WL 2849767, at *8 (D. Md. Oct. 2, 2006) (unpublished) (documenting areas for improvement and tracking absences). Accordingly, the negative performance

evaluation in August 2007 and the criticism Benjamin received stemming from the January 2008 staff meeting do not constitute materially adverse employment actions.

Threats of termination, however, can be materially adverse. See, e.g., Prince-Garrison v. Maryland Dep't of Health & Mental Hygiene, 317 Fed. Appx. 351 (4th Cir. 2009) (unpublished). Here, although Benjamin argues in her brief that she was threatened with termination, there is no evidence in the record supporting this assertion. (Cf. Pl.'s Dep. 100-105, Docket Entry 22-4 at 25-27) (discussing the meetings with Smith concerning her job performance reviews); (August 2007 Job Performance Review, Docket Entry 22-8, 14-17). The sole evidence reveals that Benjamin was informed that she would be subject to "formal disciplinary charges" if she did not comply with the requirements of the job performance memorandum.[4] (August 2007 Job Performance Review, Docket Entry 22-8, 14-17.) This alone is insufficient to constitute a materially adverse employment action. Therefore, Benjamin cannot satisfy an essential element of her *prima facie* case.

Additionally, even if the January 2008 criticism could be considered materially adverse, Benjamin cannot show a causal connection between her administrative charge and those events. BlueCross has presented undisputed evidence that Jones was unaware of Benjamin's administrative charge at the time. See Causey v. Balog, 162 F.3d 795, 803-804 (4th Cir. 1998) ("Knowledge of a charge is essential to a retaliation claim."); (Jones Aff. ¶ 7, Docket Entry 22-10 at 2). Accordingly, any criticism Benjamin experienced at the hands of Jones cannot properly be considered with regard to Benjamin's retaliation claim. Further, to the extent she relies on any negative action by Smith during this meeting to establish retaliation, the incident is too far attenuated in temporal proximity

---

[4] In fact, it appears from the record that Benjamin did comply with the requirements and that her sixty-day and ninety-day evaluations noted improvement. (Docket Entry 22-8 at 18-25.)



to be probative as to retaliation. See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004) (holding that a causal connection may be inferred "where the employer takes adverse employment action against an employee shortly after learning of the protected activity"); Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 232 (4th Cir. 2006) (unpublished) (Title VII) (finding four months between the protected activities and the adverse action too long to establish a causal connection by temporal proximity alone); Tolley v. Health Care & Retirement Corp., Inc., 133 F.3d 917 (4th Cir. 1998) (Table) (ADEA) (finding four months is too long).

## RECOMMENDATION

BlueCross is entitled to summary judgment on Benjamin's gender discrimination and retaliation claims. Her evidence is insufficient for reasonable jury to find that BlueCross's failure to promote her was the result of gender discrimination. Similarly, the incidents she relies upon to support her claim of retaliation do not constitute materially adverse employment actions. With regard to her age discrimination claim, however, the court finds that Benjamin has presented sufficient evidence to avoid summary judgment on the issue of pretext. Accordingly, the court recommends that BlueCross's motion for summary judgment be granted with regard to Benjamin's gender discrimination and retaliation claims, but denied as to her age discrimination claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must spe.cifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).