UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Claudia V. Benjamin, | ) | C/A No. 3:08-3952-JFA-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| BlueCross and BlueShield of S.C. d/b/a PGBA, LLC, | ) | |
| Defendant. | ) | |

The plaintiff, Claudia V. Benjamin, brings this employment discrimination action against her former employer pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. (Title VII) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. In her complaint, the plaintiff asserts claims of gender and age discrimination, as well as retaliation.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation and suggests that the defendant's motion for summary judgment should be granted with regard to plaintiff's claims of gender discrimination and retaliation. As to the age discrimination claim, however, the Magistrate Judge recommends that the motion for summary judgment be denied and the matter set for trial. The Report sets forth

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Within the time limits prescribed by the local rules for this court, the defendant filed objections to the Report and Recommendation in regard to the age discrimination claim. The defendant's principal argument on this claim is that the Magistrate Judge erroneously added seven years to the plaintiff's age at various points in time. Because of this, defendant argues, the Report and Recommendation is flawed and should be rejected.

The defendant also suggests that the Magistrate Judge mischaracterized the time frame of plaintiff's negative experiences with Mike Gurrera, plaintiff's supervisor. Defendant contends that the Magistrate Judge impermissibly adopted plaintiff's opinion that plaintiff's CPA designation and MBA degree made her qualifications "superior" to another applicant who was awarded the promotion in question.

The court has carefully considered all of the defendant's objections and finds no basis for disturbing the Magistrate Judge's ultimate conclusion that the age discrimination claim should survive summary judgment. The defendant does appear to be correct in its assertion that the Magistrate Judge incorrectly calculated the plaintiff's age, but this error does not, at this juncture at least, appear to affect the ultimate conclusion that the case should go to trial.

Accordingly, although this court will adopt the Report and Recommendation for the disposition of the three claims asserted in this case, the court rejects the Report to the extent it misstates the plaintiff's age at various stages of the controversy. Summary judgment is hereby granted to the defendant on the plaintiff's claim for gender discrimination and

retaliation. The age discrimination claim will be tried during the September/October 2010 term of court. The parties will be seasonably notified of the date and time of the Roster meeting for such trial term.

    IT IS SO ORDERED.

July 13, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge